**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW J. NARDELLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DOVE CREEK LLC; and | ) |
| LOAN RELIEF PARTNERS LLC; | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

**INTRODUCTION**

1.    Plaintiff Matthew J. Nardella brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Loan Relief Partners LLC and Dove Creek LLC.

2.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and Illinois common law.

3.    The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.  It also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.    The Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA") ICAA reflects a determination that "the practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes.... It is further declared to be the public policy of this State to protect consumers against debt collection

1

abuse." 225 ILCS 425/1a. The ICAA defines the act of collection, by a collection agency that does not hold a license from the state, as a nuisance. 225 ILCS 425/14a.

## VENUE AND JURISDICTION

5.      This Court has jurisdiction under 15 U.S.C. §1692k, 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

6.      Venue and personal jurisdiction in this District are proper because:

   a.      Defendants' collection communications were received by plaintiff within this District; and

   b.      Defendants do or transact business within this District.

## PARTIES

7.      Plaintiff Matthew J. Nardella  is an individual who resides in the Northern District of Illinois.

8.      Defendant Dove Creek LLC is a limited liability company organized under Nevada law.  Its registered agent and office is CHQ Incorporated, 2235 East Flamingo Road, Suite 100D, Las Vegas, NV 89119.

9.      Defendant Loan Relief Partners LLC is a limited liability company organized under Nevada law.  Its registered agent and office is CHQ Incorporated, 2235 East Flamingo Road, Suite 100D, Las Vegas, NV 89119.

10.     Defendants are engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

11.     Defendants are debt collectors as defined in the FDCPA.

12.     Defendants have common personnel.

13.     At no time has either defendant been licensed under the ICAA.

## THE ILLINOIS COLLECTION AGENCY ACT

14.     In order to protect Illinois residents, the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq*. ("ICAA"), was amended effective January 1, 2008 to define  entities which claim

2

to purchase debts as "collection agencies."

15.     225 ILCS 425/3(d), as amended effective Jan. 1, 2008, makes it clear that entities which claim to purchase debts within its purview by providing that "a person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it.... buys accounts, bills or other indebtedness and engages in collecting the same." Previously coverage was limited to a person who "buys accounts, bills or other indebtedness with recourse and engages in collecting the same."   By deleting "with recourse," the legislature clarified that a "collection agency" is a person, such as the defendant, who buys charged-off debts for their own account.

16.     In addition, the 2007 amendments clarified the definition of "collection agency" contained in the former 225 ILCS 425/2.02 and provided a more expansive set of definitions which, among other things, now define a "collection agency" as "any person who, in the ordinary course of business, regularly, *on behalf of himself or herself or others*, engages in debt collection." 225 ILCS 425/2 (emphasis added).   Thus, it is now absolutely clear that one who purchases delinquent debt for himself and engages in any acts defined as "debt collection" is covered.

17.     The ICAA creates a licensing regime.  225 ILCS 425/4 provides:

> **No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

18.     The January 1, 2008 amendment to the ICAA was proposed by Attorney General Madigan.  The statement jointly issued by the Attorney General and the sponsors of the legislation stated that it was intended to both apply the existing statute to debt buyers and add additional regulations, and that one problem intended to be addressed was the filing of thousands

of collection lawsuits by debt buyers without proper documentation. This is in keeping with the purpose of the ICAA, which imposes a licensing requirement to protect the public, as noted by 225 ILCS 425/1a:

> **The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes.**
>
> **It is further declared to be the public policy of this State to protect consumers against debt collection abuse.** [See Exhibit F.]

19.     225 ILCS 425/14 and 14b make it a crime to engage in the business of a collection agency without a license.

20.     225 ILCS 425/14a provides:

> ***The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare.*** **The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.** [Emphasis added.]

21.     The Appellate Court of Illinois has held that legal actions filed by a collection agency that did not have the requisite license are illegal and void, and are not cured by the

4

subsequent obtaining of a license. *LVNV Funding, LLC v. Trice*, 2011 IL App (1st) 092773, 952

N.E.2d 1232 (2011), *leave to appeal denied*, 962 N.E.2d 483 (2011).

      22.      *Trice* concerned a debt buyer named LVNV Funding which (through an

attorney) sued an Illinois consumer, even though LVNV Funding did not carry a collection agency

license as required by the ICAA.  *Trice* held as follows:

> We hold that a complaint filed by an unregistered collection agency is... a nullity,
> and any judgment entered on such a complaint is void. The subsequent registration
> of the collection agency does not absolve the agency of the crime of debt collection
> by an unregistered collection agency, and it does not validate a judgment entered on
> the void complaint. The trial court lacks authority to enter or enforce a judgment in
> LVNV's favor on a complaint LVNV filed in violation of the Act, because to do so
> would abet LVNV in the commission of the crime of debt collection by an
> unregistered collection agency. 225 ILCS 425/4, 14, 14b (West 2008).
>
> ....
>
> If LVNV had not registered before it filed the complaint against Trice, it committed
> the crime of engaging in debt collection without proper registration. The crime, if
> proven, makes void the judgment LVNV obtained against Trice. [*Trice*, 952 N.E.2d
> at 1237-1238.]

## FACTS

      23.      Defendants have been attempting to collect from plaintiff a defaulted

home equity line of credit that remained outstanding following a 2008 foreclosure by the first

mortgagee on a residence (condominium) formerly owned by plaintiff, for use as a residence.

      24.      The debt had been incurred for personal, family or household purposes

and not for business purposes.

      25.      On or about March 12, 2012, defendant Dove Creek LLC sent plaintiff

the letter attached as Exhibit A.

      26.      Exhibit A was the initial letter plaintiff received from Dove Creek LLC

regarding the debt described therein.

      27.      On information and belief, Exhibit A is a form intended for use by Dove

Creek, LLC as the initial letter it sends to a consumer.

      28.      Exhibit A warns that the debt may be "referred to our legal department for

further action unless you contact us immediately at 855-258-6742," and that the consumer should "contact[] us now, before any action is taken...."

29.     Exhibit A further states that (a) "we must hear from you immediately to prevent any further action from being taken," (b) "Please contact us immediately!" and (c) "if however, you do not contact us within 30 days from the date of this letter, we will have no alternative but to refer your account to our legal department for further action."

30.     The §1692g notice follows these exhortations and warnings.

31.     The letter concludes by stating that it comes from the "Asset Investigations Division."

32.     The statements in Exhibit A overshadow and contradict the §1692g notice. *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516 (7th Cir. 1997); *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997).

33.     In addition, the references to litigation are threats to perform a criminal act, since the filing of a debt collection lawsuit in Illinois by an unlicensed debt collector is a Class A misdemeanor for the first offense and a Class 4 felony for the second.

34.     On or about March 28, 2012, plaintiff sent Dove Creek LLC the letter attached as Exhibit B.

35.     Plaintiff did not receive any response to Exhibit B prior to June 12, 2012.

36.     On or about June 12, 2012, defendant Loan Relief Partners LLC sent plaintiff the letter attached as Exhibit C.

37.     Exhibit C falsely represents that Loan Relief Partners LLC purchased the debt from the original creditor, Wells Fargo Bank.

38.     Exhibit C states that the debt may be "referred to our legal department for further action unless you contact us immediately...." and that the consumer should "contact[] us now, before any action is taken...."

39.     Exhibit C further states that (a) "we must hear from you immediately to

6

prevent any further action from being taken," (b) "Please contact us immediately!" and (c) "if however, you do not contact us within 30 days from the date of this letter, we will have no alternative but to refer your account to our legal department for further action."

40.     The §1692g notice follows these exhortations and warnings.

41.     The letter concludes by stating that it comes from the "Asset Investigations Division."

42.     The statements in Exhibit C overshadow and contradict the §1692g notice. *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516 (7th Cir. 1997); *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997).

43.     In addition, the references to litigation are threats to perform a criminal act, since the filing of a debt collection lawsuit in Illinois by an unlicensed debt collector is a Class A misdemeanor for the first offense and a Class 4 felony for the second.

44.     On or about July 3, 2012, plaintiff sent Loan Relief Partners the letter attached as Exhibit D.

45.     On or about July 24, 2012, Loan Relief Partners LLC sent plaintiff the letter attached as Exhibit E.

46.     Exhibit E falsely states that "Loan Relief Partners LLC is **NOT** a third party debt collection agency...."

47.     Exhibit E again threatens "further action" which "may include foreclosure, and/or if foreclosure action has already been taken, then your account is pending referral to our attorney for the purpose of obtaining a Judgment against you."  It also states that "we must hear from you immediately to prevent any further action from being taken."

48.     By sending these letters to plaintiff, defendants made plaintiff apprehensive and fearful of having legal action taken against him, without cause or grounds. This caused damage to plaintiff.

## COUNT I – FDCPA

49.     Plaintiff incorporates paragraphs 1-48.

50.     Defendant Dove Creek LLC violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10) by sending Exhibit A.

51.     Defendant Loan Relief Partners LLC violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), by sending Exhibits C & E.

52.     15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**

**(2)     The false representation of –**

**(A)     the character, amount, or legal status of any debt....**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken.... [or]**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(1)     Statutory damages;

(2)     Any actual damages suffered;

(3)     Attorney's fees, litigation expenses and costs of suit; and

(4)     Such other and further relief as the Court deems proper.

## COUNT II – FDCPA

53.     Plaintiff incorporates paragraphs 1-48.

54.     Defendant Dove Creek LLC violated 15 U.S.C. §1692g, by sending Exhibit A.

55.     Defendant Loan Relief Partners LLC violated 15 U.S.C. §1692g, by

8

sending <u>Exhibit C</u>.

56.     15 U.S.C. §1692g provides:

(a)     **Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –**

(1)     **the amount of the debt;**

(2)     **the name of the creditor to whom the debt is owed;**

(3)     **a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

(4)     **a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

(5)     **a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

(b)     **Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

(c)     **Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any**

9

**court as an admission of liability by the consumer.**

    **(d)**    **Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

    **(e)**    **Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 U.S.C. §1 *et seq.*], title V of Gramm-Leach-Bliley Act [15 U.S.C. §6801 *et seq.*], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

WHEREFORE, the Court should enter judgment in favor of plaintiff, and against defendants, for:

    (1)    Statutory damages;

    (2)    Any actual damages suffered;

    (3)    Attorney's fees, litigation expenses and costs of suit; and

    (4)    Such other and further relief as the Court deems proper.

## <u>COUNT III – NUISANCE</u>

57.    Plaintiff Matthew J. Nardella incorporates paragraphs 1-48.

58.    Defendants are liable, as a matter of common law, for creating and contributing to a nuisance.

59.    Under *Helping Others Maintain Environmental Standards v. Bos*, 406 Ill.App. 3d 669, 689; 941 N.E.2d 347, 366 (2d Dist. 2010),

a public nuisance is something that negatively affects the public's health, safety, or morals, or causes substantial annoyance, inconvenience, or injury to the public. *Village of Wilsonville v. SCA Services, Inc.*, 86 Ill. 2d 1, 21-22, 426 N.E.2d 824, 55 Ill. Dec. 499 (1981). The elements of public nuisance are: (1) the existence of a public right; (2) the defendant's substantial and unreasonable interference with that right; (3) proximate cause; and (4) injury. *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 369, 821 N.E.2d 1099, 290 Ill. Dec. 525 (2004).

60.    Defendants' practice as collection agencies, without holding a valid and current license under the ICAA, was specifically "inimical to the public welfare, [constitutes] a public nuisance, and [causes] irreparable harm to the public welfare." 225 ILCS 425/14a; see 225

ILCS 425/1a, 425/4, 425/14 and 425/14b.

61.     Defendants substantially interfered with that right, by threatening action against plaintiff without legal authority to do so.

62.     Defendants directed, or otherwise authorized, the mailing of letters threatening legal action that, under Illinois law, they cannot take. But for that direction or authorization, plaintiff would not have been made fearful of legal action that, in truth, would not have occurred, and thus would not have been damaged.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

    (1)     Nominal and actual damages;

    (2)     Punitive damages;

    (3)     An injunction against further collection activity, unless the proper licenses are obtained;

    (4)     Costs of suit; and

    (5)     Such other or further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

11

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.  All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
       & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


T:\26803\Pleading\individual complaint.WPD